UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00145-GNS

JEFFREY BUFORD PLAINTIFF

v.

U.S. BANK NATIONAL ASSOCIATION et al. DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Reconsider and Vacate (DN 20), Plaintiff's Motion for Judicial Notice (DN 25), and Plaintiff's Motion to Strike (DN 26). The motions are ripe for adjudication.

## I. BACKGROUND

The Court's Memorandum Opinion and Order issued on April 6, 2026, contains a detailed statement of the facts and claims in this matter that is not necessary to repeat here. (Mem. Op. & Order 1-2, DN 18). In sum, Plaintiff Jeffrey Buford ("Buford") filed this action purporting to allege ten claims related to the foreclosure on real property located in Bowling Green, Kentucky, by Defendant U.S. Bank National Association, and order of sale entered by Defendant Judge Joseph B. Hines of the Warren Circuit Court (Kentucky). (Compl. 1-7, DN 1). Buford also asserted claims against five other defendants allegedly involved in the sale. (Compl. 2-3). All but two Defendants then moved to dismiss each claim asserted against them. (Def.'s Mot. Dismiss, DN 8; Defs.' Mot. Dismiss, DN 9; Defs.' Mot. Dismiss, DN 13).

The Court denied Buford's motion for leave to amend, granted Defendants' motions to dismiss, and *sua sponte* dismissed the claims asserted against the remaining Defendants. (Mem. Op. & Order 4). Buford then filed a motion to reconsider, a motion for judicial notice regarding

defects in standing, and a motion to strike. (Pl.'s Mot. Recons., DN 20; Pl.'s Mot. Jud. Notice, DN 25; Pl.'s Mot. Strike, DN 26).[1]

## II. DISCUSSION

### A. Plaintiff's Motion to Reconsider and Vacate (DN 20)

Buford requests that the Court reconsider and vacate the prior judgment under Fed. R. Civ. P. 59(e) or 60(b). (Pl.'s Mot. Recons. 2). While the Federal Rules of Civil Procedure do not expressly provide for a motion to reconsider, courts analyze such motions as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *See Harvey v. United States*, No. 1:11-CR-24-TBR, 2017 WL 89492, at *1 (W.D. Ky. Jan. 9, 2017). In general, a motion to reconsider is not a platform to relitigate arguments previously considered and rejected. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671-72 (6th Cir. 2003). A motion to reconsider may also not "be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

Rule 59(e) motions give district courts an opportunity to fix their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). Granting such a motion is appropriate when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted). Fed. R. Civ. P. 59(e) motions are "extraordinary and

[1] Buford has also submitted six additional filings (DN 23, 28, 29, 30, 31, 32) related to his motion to reconsider.

sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171-H, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citation omitted).

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof." *Burnley v. Bosch Ams. Corp.*, 75 F. App'x 329, 333 (6th Cir. 2003) (citation omitted). Further, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

**1. *Clear Legal Error***

First, Buford asserts that the Court erred in applying Fed. R. Civ. P. Rule 8 by mislabeling his claims as "sovereign citizen arguments" and failing to construe liberally his filing as a *pro se* litigant. (Pl.'s Mot. Recons. 3-4). *Pro se* complaints are generally "held to less stringent standards than the formal pleadings prepared by attorneys." *McCormack v. Cnty. of Calhoun Inc. Form*, No. 23-1123, 2023 WL 5608806, at *1 (6th Cir. June 16, 2023) (quoting *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012)). This "lenient treatment[,]" however, "has limits."

*Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (citations omitted). *Pro se* litigants are not exempt from the requirements of the court rules. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To state a claim on which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8, which provides:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Under Rule 8, a plaintiff must present the complaint in an intelligible manner so that a court or opposing party can "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (internal quotation marks omitted) (citation omitted).

As noted in the Court's previous Order—notwithstanding whether Buford utilized sovereign citizen arguments—the Complaint, attached affidavit, and proposed amendment are patently deficient and unintelligible. (Mem. Op. & Order 3). Buford asserts that Defendants lack jurisdiction to enforce mortgage obligations because he is "a living man living in GODS [sic] LAW AND AUTHORITY[,]" and attacks Defendants' "lack [of] standing, jurisdiction, or statutory authority . . . ."[2] (Compl. 7-8 (emphasis omitted)). In the "Affidavit of Truth" attached to the Complaint, Buford alleges:

> If the COMMONWEALTH OF KENTUCKY WARREN CIRCUIT COURT DIVISION FIVE claims the power to Foreclose, sale the property, levy, or obligate Defendant Georgia Wright Heir (Jeffrey Buford) without first proving the statue [sic] is constitutional. They are assuming Legislative and Executive power a direct *Breach of the Separation of Power Doctrine*.

[2] Buford asserts that these statements do not reflect sovereign citizen beliefs because he instead intended to convey that he is a "man living in God Law and Authority. . . [and his] belief comes from the legal interpretation and the King James version 1611." (Pl.'s Mot. Recons. 3).

(Compl. Attach. 2, at 4, DN 1-2). Even holding the Complaint to a less stringent standard than a pleading prepared by an attorney, there is no arguable basis for his claims under Rule 8. *See, e.g.*, *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283, 284 (E.D. Tenn. 1966) (dismissing a "verbose, confused, scurrilous and redundant" complaint that violated Rule 8).

Buford also contends that the Court erred by *sua sponte* dismissing the case against two Defendants who had not yet moved for dismissal. (Pl.'s Mot. Recons. 4). To the contrary, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). As previously determined, the Complaint meets this standard. Accordingly, the Court finds no clear error of law under Rule 59(e) and no mistake, inadvertence, surprise, or excusable neglect related to the prior judgment under Rule 60(b).[3]

### 2. *Manifest Injustice*

Finally, Buford argues that failing to grant the motion to reconsider would result in "manifest injustice." (Pl.'s Mot. Recons. 5). The Sixth Circuit has held that "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive . . . . [M]ore than a clear error is required; injustice must also result." *Volunteer Energy*

---

[3] Buford also asserts that there was clear legal error related the failure "to consider threshold Standing Issue and Subject Matter Jurisdiction . . ." that would void the state court judgment. (Pl.'s Mot. Recons. 5). As noted in the previous Order, however, the Court considered the threshold jurisdictional issues and instead found that "any claim asserted in this forum in which Buford seeks to challenge any decision of the Warren Circuit Court in the foreclosure action is precluded by the *Rooker-Feldman* doctrine." (Mem. Op. & Order 4 n. 1) (citation omitted).

*Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014) (internal citation omitted). As previously explained, the Court did not make a clear error of law related to Fed. R. Civ. P. 8, subject matter jurisdiction, or the *sua sponte* dismissal of the remaining Defendants. (Mem. Op. & Order 2-4). Buford also makes no argument as to why dismissal of this case resulted in injustice pursuant to Fed. R. Civ. P. 59(e), and he fails to show "any other reason that justified relief" pursuant to Fed. R. Civ. P. 60(b)(6).

Consequently, the motion to reconsider is denied and the subsequent motion for judicial notice and the motion to strike are denied as moot. *See Matthews v. Roberts*, No. 3:13-CV-503, 2014 WL 1057056, at *2 (W.D. Ky. Mar. 17, 2014) (finding, "in light of the Court's [denial of] the Motion to Reconsider," all remaining motions should be denied as moot because "[n]either presents any new relevant evidence nor a change in the governing law.").

## III. CONCLUSION

For the reasons stated, Plaintiff's Motion to Reconsider (DN 20) is **DENIED**, and Plaintiff's Motion for Judicial Notice (DN 25), and Plaintiff's Motion to Strike (DN 26) are **DENIED AS MOOT**.



**Greg N. Stivers, Judge**
**United States District Court**
November 16, 2026

cc: counsel of record
Plaintiff, *pro se*